UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE L. ENGER,

            Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

            Defendant.

CASE NO. 14-cv-05317 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

11, 12, 13).

       After considering and reviewing the record, the Court finds that the ALJ failed to

provide a specific and legitimate reason for her failure to credit fully the opinions of an

examining doctor and a treating doctor. The ALJ indicated that she was not crediting fully the opinion of the examining doctor because of a finding that the doctor relied on a "snapshot" of plaintiff's functioning, as the examining doctor only examined plaintiff on one occasion. However, as the ALJ discounted this doctor's opinion in favor of the opinions of doctors who never examined plaintiff at all, this reason is not legitimate. Similarly, the ALJ discounted the treating doctor's opinion in favor of non-examining state agency medical consultants with a finding that "it was based on a brief treatment relationship, which was insufficient to assess the claimant's functional limitations" (Tr. 23). As the opinions relied on by the ALJ were provided by doctors with no treatment relationship with plaintiff, and as plaintiff's impairments are mental impairments most effectively evaluated with an in-person evaluation, this reason is not legitimate. The ALJ also erred by finding that both of these doctors relied heavily on plaintiff's self-report without citing any substantial evidence in the record to support such findings.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings.

<u>BACKGROUND</u>

Plaintiff, STEPHANIE L. ENGER, was born in 1973 and was 36 years old on the amended alleged date of disability onset of February 12, 2010 (*see* Tr. 34, 200, 206). Plaintiff graduated from high school (Tr. 37).   She has work experience as a floral manager in a grocery store, shift supervisor in a fast food restaurant, cashier in a gas station, housekeeper/laundry in a nursing home, waitress, bartender and cook at a bar and grill, and sorter/stocker in a clothing store.  Her last employment ended when it became

too hard to be around people and she was having a hard time keeping track of what she had done (Tr. 38-42).

According to the ALJ, plaintiff has at least the severe impairments of "bipolar disorder and anxiety disorder with panic and with agoraphobia (20 CFR 404.1520(c) and 416.920(c))" (Tr. 16).

At the time of the hearing, plaintiff was living with her husband, 14 year-old son and 5 year-old daughter (Tr. 53-54).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 136-38, 139-42, 144-48, 149-55). Plaintiff's requested hearing was held before Administrative Law Judge Mattie Harvin Woode ("the ALJ") on November 8, 2012 (*see* Tr. 31-81). On November 27, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.11-30).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in rejecting the medical opinions of Mary Lemberg, M.D. and Michael W. Johnson, M.D.; and (2) Whether or not the ALJ's errors were harmless (*see* ECF No. 11, p. 1).

//

//

1

<u>STANDARD OF REVIEW</u>

2

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

3

denial of social security benefits if the ALJ's findings are based on legal error or not

4

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

5

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

6

1999)).

7

8

<u>DISCUSSION</u>

9

(1)    **Whether or not the ALJ erred in rejecting the medical opinions of
        Mary Lemberg, M.D. and Michael W. Johnson, M.D.**

10

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for

11

her failure to credit fully the opinions of examining psychiatrist, Dr. Mary Lemberg,

12

M.D., as well as the opinions of treating physician, Dr. Michael W. Johnson, M.D. (*see*

13

Opening Brief, ECF No. 11; *see also* Reply, ECF No. 13). Defendant contends that the

14

ALJ's reasons are specific and legitimate and supported by substantial evidence in the

15

record as a whole (*see* Response, ECF No. 12).

16

17

According to the Ninth Circuit, when a treating or examining physician's opinion

18

is contradicted, that opinion can be rejected "for specific and legitimate reasons that are

19

supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31

20

(9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v.*

21

*Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

22

//

23

//

24

A.  Examining Psychiatrist, Dr. Mary Lemberg, M.D.

Dr. Lemberg examined plaintiff at the request of the Administration (*see* Tr. 376-83). She indicated that she reviewed a psychiatric evaluation from May, 2010 (*see* Tr. 376). Dr. Lemberg took a detailed history (*see* Tr. 376-79). She also conducted a mental status examination (*see* Tr. 379-80). For example, she observed that plaintiff was nervous, more so at the beginning of the examination, and also observed that plaintiff's hands were shaking (*see* Tr. 379). Dr. Lemberg observed that plaintiff correctly followed a 3-step command, but demonstrated "some worry that she was performing it incorrectly" (Tr. 380). Regarding her ability to spell world backwards, she had a "score of 3/5 on her first attempt; [but] she ma[de] two other attempts after self-correcting herself and does finally do this correctly" (*see id.*). Regarding plaintiff's activities of daily living, among other things, Dr. Lemberg noted that plaintiff "only shops at one store where she knows all the employees" (*see id.*). She also noted that plaintiff reported that "she does not watch TV because it overwhelms her and does not make sense" (*see* Tr. 381).

Among other diagnoses, Dr. Lemberg diagnosed plaintiff with "Bipolar I disorder, most recent episode depressed, severe, rule out schizoaffective disorder;" panic disorder with agoraphobia; and, social phobia (*see id.*). Dr. Lemberg opined that plaintiff was suffering from "fairly significant symptoms that limit her ability to function at times" (*see id.*). Dr. Lemberg also opined that plaintiff's "condition will not likely improve further within the next 12 months" (*id.*). Dr. Lemberg opined that plaintiff "would find it difficult to adapt to new environments" and Dr. Lemberg specified that this opinion was "based on our interview today and mental status exam" (*see* Tr. 382). Dr. Lemberg

1  further opined that plaintiff "cannot perform work activities on a consistent basis or

2  complete a normal workweek without problematic interruption from her psychiatric

3  conditions after working for a period of time" (*see id.*). Dr. Lemberg indicated that she

4  anticipated that plaintiff "would have significant difficulty dealing with the usual stress

5  encountered in a competitive work environment" (*see id.*).

6        The ALJ gave "little weight to Dr. Lemberg's statements that the claimant would

7  not be able to work on a consistent basis and would have significant difficulty dealing

8  with the stress of a competitive work environment" (*see* Tr. 23). The ALJ provided two

9  reasons for giving little weight to these opinions by Dr. Lemberg (*see id.*). First, the ALJ

10  indicated that these opinions from Dr. Lemberg appear to be an "overstatement of the

11  claimant's limitations based on a snapshot of the claimant's individual functioning" (*see*

12  *id.*).

13

14        If the ALJ was discrediting the opinions from Dr. Lemberg on the basis of a

15  "snapshot" of plaintiff's functioning at one examination in favor of a doctor who

16  examined plaintiff more than once, or in favor of a treating doctor, this reason would

17  have some legitimacy. However, for her RFC determination, the ALJ relied on two state

18  agency psychological consultants who never examined plaintiff, but only reviewed her

19  records (*see* Tr. 22-23; *see also* Tr. 19). In addition, plaintiff's impairments are mental

20  impairments, which are more amenable to evaluation by an in-person examination. *See*

21  Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3

22  (Oxford University Press 1993) ("experienced clinicians attend to detail and subtlety in

23  behavior, such as the affect accompanying thought or ideas, the significance of gesture or

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

1  mannerism, and the unspoken message of conversation"). Therefore, the fact that Dr.

2  Lemberg examined plaintiff only once and had only a "snapshot" of her functioning is

3  not a legitimate reason for the ALJ's failure to credit fully the opinion of examining

4  psychiatrist Dr. Lemberg in favor of opinions from nonexamining doctors. According to

5  the Ninth Circuit, an examining physician's opinion is "entitled to greater weight than the

6  opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted);

7  *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a

8  source who has examined you than to the opinion of a source who has not examined

9  you").

10      The second reason provided by the ALJ for her failure to credit fully some of the

11  opinions of Dr. Lemberg was the ALJ's finding that Dr. Lemberg's opinion "relies

12  heavily on the claimant's subjective report of her symptoms" (*see* Tr. 23). The ALJ

13  provides no evidence for this finding. Based on a review of the relevant record, there

14  does not appear to be substantial evidence in support of this finding by the ALJ of a

15  heavy reliance by Dr. Lemberg on plaintiff's subjective report. Furthermore, the Court

16  notes that when opining that plaintiff "would find it difficult to adapt to new

17  environments," Dr. Lemberg specified that this opinion was "based on our interview

18  today and mental status exam" (*see* Tr. 382). Although Dr. Lemberg did not indicate

19  specifically the basis for her opinions regarding plaintiff's inability to work on a

20  consistent basis and her significant difficulty dealing with stress and competitive work

21  environment, the finding by the ALJ that these opinions were "heavily" based on

22

23

24

1  plaintiff's subjective report is not a logical inference based on the record, but appears to

2  be mere speculation.

3      An ALJ may "draw inferences logically flowing from the evidence." *Sample v.*

4  *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Beane v. Richardson*, 457 F.2d 758

5  (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ

6  may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

7      Furthermore, the MSE is not generally considered "subjective." "Like the physical

8  examination, the Mental Status Examination is termed the *objective* portion of the patient

9  evaluation." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status

10  Examination 4 (Oxford University Press 1993) (emphasis in original).  Therefore,

11  characterizing Dr. Lemberg's conclusions as largely based on plaintiff's subjective

12  statements fails to account for the objective finding in the MSE.

13

14      B.  Treating physician, Dr. Michael W. Johnson. M.D.

15      Dr. Johnson provided an opinion regarding plaintiff's ability to function on June 3,

16  2011 (*see* Tr. 394-95; *see generally* Tr. 392-95). He indicated his opinion that she

17  suffered from anxiety; panic attacks; agoraphobia; and bipolar disorder (*see* Tr. 394). He

18  indicated that she had specific limitations with respect to following instructions and he

19  specified that her limitation with respect to interacting with people was "severe" (*see id.*).

20  When asked to indicate on the form how many hours per week that plaintiff was capable

21  of working, he checked the box for 0 hours, indicating that she was "unable to

22  participate" (*see id.*). He also indicated that plaintiff suffered from limitations in activities

23  related to preparing for work and looking for work, including her agoraphobia and her

24

memory issues (*see id.*). Again, he indicated that the amount of time that she could engage in these activities was zero hours, indicating that she was "unable to participate" (*see id.*). Dr. Johnson opined that plaintiff's condition likely would limit her ability to work and look for work on a permanent basis (*see* Tr. 395).

The ALJ gave "less weight" to the opinions of Dr. Johnson for two stated reasons (*see* Tr. 23). First, the ALJ found that Dr. Johnson's opinion "was based on a brief treatment relationship, which was insufficient to assess the claimant's functional limitations," noting that Dr. Johnson rendered his opinion at his first office visit (*see id.*).

Again, as the ALJ relied for her RFC determination on the opinions of state agency medical consultants who had no opportunity to assess firsthand plaintiff's limitations, and because plaintiff's impairments are mental impairments, this reason is not a legitimate reason to discount the opinions of plaintiff's treating physician in favor of the opinions of nonexamining doctors. *See Lester, supra*, 81 F.3d at 830 (citations omitted) (an examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician"); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you").

The only other reason offered by the ALJ for her failure to credit fully the opinions of Dr. Johnson was her finding that "[b]ecause the treatment relationship was so brief, Dr. Johnson must have relied heavily on the claimant's subjective report of her symptoms" (*see* Tr. 23). Again, the ALJ provides no evidence for her finding that plaintiff's treating physician relied heavily on plaintiff's subjective reports other than the

1  fact that he provided his opinion on his first examination of plaintiff. This is not

2  substantial evidence in support of this finding. Again, the ALJ appears not to have made

3  a logical inference, but instead appears to be speculating. *See* SSR 86-8, 1986 SSR

4  LEXIS 15 at *22 (an ALJ may not speculate).

5        (2)    **Whether or not the ALJ's errors were harmless**.

6      A. Dr. Lemberg

7      Dr. Lemberg opined that plaintiff "cannot perform work activities on a consistent

8  basis or complete a normal workweek without problematic interruption from her

9  psychiatric conditions after working for a period of time" (*see* Tr. 382). Dr. Lemberg

10  indicated that she anticipated that plaintiff "would have significant difficulty dealing with

11  the usual stress encountered in a competitive work environment" (*see id.*).

12      The ALJ failed to incorporate these limitations into plaintiff's RFC (*see* Tr. 19).

13  Had the ALJ done so, plaintiff's RFC would have been determined to be very different

14  and likely would have led to a finding of disability. Therefore, the ALJ's error in her

15  review of the opinions of Dr. Lemberg is not harmless error.

16      B. Dr. Johnson

17      Dr. Johnson opined that plaintiff was not capable of working any hours per week

18  due to her inability to follow instructions and her severe limitation interacting with

19  people (*see* Tr. 394). Obviously, had these opinions been credited fully, plaintiff's RFC

20  would have been determined to be very different, and she likely would have been found

21  to be disabled. Therefore the ALJ's error in the evaluation of the opinions of Dr. Johnson

22  is not harmless error.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>CONCLUSION</u>

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 23rd day of September, 2014.

J. Richard Creatura
United States Magistrate Judge